UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| LAWRENCE M. MEADOWS,<br><br>Plaintiff – Appellant,<br>v.<br><br>ALLIED PILOTS ASSOCIATION; and, AMERICAN AIRLINES, INC.,<br><br>Defendants – Appellees. | Case No. 15-4139<br><br>On Appeal from the U.S. District Court for the District of Utah<br><br>No. 2:14-cv-00115 |

## APPELLANT LAWRENCE M. MEADOWS' FIFTH STATUS UPDATE

Pursuant this Court's Order dated October 21, 2016, which continued to abate these proceedings, Appellant Lawrence M. Meadows ("Meadows") hereby files this *Fifth Status Update*.

Meadows informs this honorable Court, that on October 21, 2016, Judge Sean Lane of the U.S. Bankruptcy Court SDNY, entered an Order Denying Motion For Reconsideration of the bankruptcy court's prior Order to Enforce the Plan Against Lawrence M. Meadows. (Exhibit A). At this juncture Meadows continues to be enjoined from proceeding with his appeal of grievance 13-064 in these instant proceedings. However, under the Bankruptcy Code Meadows is entitled to two levels of appeal, first to the SDNY district court, and second to the 2nd Circuit Court of Appeals. Meadows strongly disagrees with Judge Lanes decision, and has

grounds for appeal. Accordingly, on November 4, 2016, he timely filed a Notice of Appeal of Judge Lane's Order. (Exhibit B).

Thus, Meadows right to appeal grievance 13-064 in this matter will continue to remain controverted for quite some time. Therefore, Meadows respectfully request that these proceedings continue to be abated pending full exhaustion of Meadows' appellate remedies.

Dated: this 15th day of November, 2016;                Respectfully Submitted,

*[signature]*

Lawrence M. Meadows
Pro Se – Appellant
PO Box 4344
Park City, UT 84060
516-982-7718
435-604-7850 (fax)
lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

**I, Lawrence M. Meadows, Pro Se Appellant hereby certify,** that a true and correct copy of the foregoing was served by U.S. Mail and E-mail on November 15, 2016, on all counsel or parties of record on the Service List below.

_____
Signature of Filer

## SERVICE LIST

**Attorneys for Defendant – Appellee American Airlines, Inc.**

Mark W. Robertson
Daniel J. Franklin
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
mrobertson@omm.com

James M. Barrett
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201
james.barrett@ogletreedeakins.com

**Attorneys for Defendant-Appellee Allied Pilots Association**

Arthur F. Sandack
8 E BROADWAY STE 411
SALT LAKE CITY, UT 84111
(801)595-1300
Email: asandack@msn.com

Steven K. Hoffman
Darin M. Dalmat
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, NW
Suite 950
Washington, DC 20036
Telephone: 202-496-0500
Facsimile: 202-496-0555
*skhoffman@jamhoff.com*
*dmdalmat@jamhoff.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 11

AMR CORPORATION, *et al.*,                                          Case No. 11-15463 (SHL)

                        Reorganized Debtors.      (Confirmed)
-----------------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is the motion of Lawrence Meadows seeking to revisit a prior decision of this Court. *See Creditor Lawrence M. Meadows Motion Filed Pursuant to Fed. R. Bnkr. P. 9023, Seeking a New Trial or To Amend Judgment of Court's Order Entered May 16, 2016 Pursuant to Sections 524 and 1141 of the Bankruptcy Code Enforcing the Plan and Confirmation Order Against Lawrence M. Meadows.* [ECF No. 12748] (the "Motion").

The relief requested by Mr. Meadows is governed by Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which are made applicable in this case through Bankruptcy Rules 9023 and 9024, respectively.[1] The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Motions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence." *In re Pothoven*, 84 B.R. 579, 582 (Bankr. S.D. Iowa 1988); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005); *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986). But "a motion for reconsideration is neither an

---

[1] Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." Local Bankruptcy Rule 9023-1(a). The Court has decided the Motion based on the papers before it and concludes that oral argument is neither necessary nor appropriate under the circumstances.

unavailable when the court originally decided the matter); *Lorenzana v. United States*, 2013 U.S. Dist. LEXIS 115673, at *5-7 (S.D.N.Y. Aug. 15, 2013). Similarly, Mr. Meadows has not demonstrated exceptional circumstances or mistake, inadvertence, surprise or excusable neglect to satisfy Rule 60(b). *See Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (Rule 60(b) "is not 'a substitute for a timely appeal. . . .'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *Frankel*, 939 F. Supp. at 1127 ("Rule 60(b) may not be used to 'relitigate matters settled by the original judgment.'") (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

For all the reasons set forth above, the Motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
       October 21, 2016

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11

AMR CORPORATION, et al.,                            Case No. 11-15463 (SHL)

                Reorganized Debtors.         (Confirmed)
-----------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is the motion of Lawrence Meadows seeking to revisit a prior decision of this Court. *See Creditor Lawrence M. Meadows Motion Filed Pursuant to Fed. R. Bnkr. P. 9023, Seeking a New Trial or To Amend Judgment of Court's Order Entered May 16, 2016 Pursuant to Sections 524 and 1141 of the Bankruptcy Code Enforcing the Plan and Confirmation Order Against Lawrence M. Meadows.* [ECF No. 12748] (the "Motion").

The relief requested by Mr. Meadows is governed by Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which are made applicable in this case through Bankruptcy Rules 9023 and 9024, respectively.[1] The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Motions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence." *In re Pothoven*, 84 B.R. 579, 582 (Bankr. S.D. Iowa 1988); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005); *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986). But "a motion for reconsideration is neither an

---

[1] Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." Local Bankruptcy Rule 9023-1(a). The Court has decided the Motion based on the papers before it and concludes that oral argument is neither necessary nor appropriate under the circumstances.

occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations omitted). The burden rests with the movant. *See Crozier*, 60 B.R. at 688.

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) "The burden of proof is on the party seeking relief from judgment." *Id.* Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)). "In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Stevens*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)); *see also Fleming v. New York Univ.*, 865 F.2d 478, 484-85 (2d Cir. 1989) ("[A] Rule

60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").

Mr. Meadows does not satisfy the standard for relief under either Rule 59(e) or Rule 60(b). In his current Motion, Mr. Meadows largely restates arguments previously raised and addressed by this Court, including a discussion of his employment status and his arguments about the Railway Labor Act. *See Tonga Partners*, 684 F.3d at 52 ("'It is well settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). In reaching this conclusion, the Court notes that Mr. Meadows seeks reconsideration of an order that enjoins him from further pursuing claims against the Debtors, *see In re AMR Corp.*, 2016 WL 1559294 (Bankr. S.D.N.Y. April 14, 2016), an injunction that was sought only after the Court had previously found that Mr. Meadows' proof of claim in this case was either untimely or barred because of prior court rulings against him. *See Meadows v. AMR Corp.*, 539 B.R. 246, 248 (S.D.N.Y. 2015) (district court affirmance), *appeal filed In re AMR Corp.*, No. 15-3655 (2d Cir. 2015). Thus, this is the third time that Mr. Meadows has presented to the Court the arguments made in the Motion.

Mr. Meadows also has presented no new evidence that satisfies the requirements of either Rule 59 or 60. To the extent that Mr. Meadows provides new documents in support of his position, it is inappropriate for this Court to consider them in a motion for reconsideration given that they appear to have been previously available. *See, e.g.*, Motion, Exhibit 6 (printout of webpage from 2011); Exhibits 8 and 15 (publically filed documents from 2009 and 2014); and Exhibits 10, 13 and 16-17 (correspondence sent or received by Meadows from 2012 through 2014); *see Ozsusamlar v. United States*, 2013 U.S. Dist. LEXIS 14425, at *4 (S.D.N.Y. Feb. 1, 2013) (denying reconsideration where movant did not present any new evidence not previously

unavailable when the court originally decided the matter); *Lorenzana v. United States*, 2013 U.S. Dist. LEXIS 115673, at *5-7 (S.D.N.Y. Aug. 15, 2013). Similarly, Mr. Meadows has not demonstrated exceptional circumstances or mistake, inadvertence, surprise or excusable neglect to satisfy Rule 60(b). *See Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (Rule 60(b) "is not 'a substitute for a timely appeal. . . .'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *Frankel*, 939 F. Supp. at 1127 ("Rule 60(b) may not be used to 'relitigate matters settled by the original judgment.'") (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

For all the reasons set forth above, the Motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
       October 21, 2016

                                */s/ Sean H. Lane*
                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

Lawrence M. Meadows, Pro Se Creditor
P.O. Box 4344
Park City, Utah 84060
Telephone: (516) 982-7718
Facsimile: (435) 605-7850
lawrencemeadows@yahoo.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
AMR CORPORATION, *et al.*,                  :        11-15463 (SHL)
                                            :
            Debtors.                        :        (Jointly Administered)
                                            :
-------------------------------------------------------------x

### NOTICE OF APPEAL OF CREDITOR LAWRENCE M. MEADOWS

Notice is hereby given that Lawrence M. Meadows Individual Creditor in the above named case hereby timely appeals to the United States District Court Southern District of New York, from the Bankruptcy Court's Final Judgment consisting of the Order Signed On 5/16/2016, Pursuant To Sections 524 And 1141 Of The Bankruptcy Code Enforcing The Plan And The Confirmation Order Against Lawrence M. Meadows, (Doc. 12738), the Order Signed On 10/21/2016, Denying Motion For Reconsideration Filed By Lawrence M. Meadows. (Doc. 12798), and the Memorandum Endorsed Order Signed On 10/21/2016, "DENIED AS MOOT" Re: Lawrence M. Meadows Motion To Strike. (Doc. 12799).

Submitted on this 4th day of November, 2016;        Respectfully,

                                                    _____
                                                    Lawrence M. Meadows, Pro Se Creditor

P.O. Box 4344
Park City, UT 84060
Telephone: (516) 982-7718
Facsimile: (435) 605-7850
lawrencemeadows@yahoo.com

Lawrence M. Meadows
P.O. Box 4344
Park City, Utah 84060
Telephone: (516) 982-7718
Facsimile: (435) 605-7850
lawrencemeadows@yahoo.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
In re                                       :      **Chapter 11 Case No.**
                                            :
**AMR CORPORATION**, *et al.*,              :      **11-15463 (SHL)**
                                            :
          Debtors.                          :      **(Jointly Administered)**
                                            :
------------------------------------------------------------x

### NOTICE OF NOTICE OF APPEAL OF CREDITOR LAWRENCE MEADOWS

PLEASE TAKE FURTHER in accordance with the customary practices of the Bankruptcy Court, Pro Se Creditor Lawrence M. Meadows, hereby gives Notice of filing of this Notice of Appeal dated November 4, 2016, which is served via U.S. Mail upon, (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq.), (ii) the Debtors, c/o AMR Corporation, 4333 Amon Carter Boulevard, MD 5675, Fort Worth, Texas 76155 (Attn: D. Douglas Cotton, Esq.).

Dated: Park City, Utah
November 4, 2016

/s/ L.M.M.
_____
Lawrence M. Meadows, Pro Se Creditor
P.O. Box 4344
Park City, UT 84060
Telephone: (516) 982-7718
Facsimile: (435) 605-7850
lawrencemeadows@yahoo.com

Do not ship liquids, blood, or clinical specimens in this packaging.

FedEx
TRK# 0200 8032 5704 7379

FRI - 18 NOV AA
EXPRESS SAVER
DSR
80257
CO-US
DEN

ST DENA

FID 5097608 15NOV16 BTFA 539C3/CBB1/8EBA

FedEx Express NEW Package US Airbill

FedEx Tracking Number 8032 5704 73--

11.17 7379 16:30

RT FRI FZ

**1 From**

Date 11/14/16 [redacted]

Sender's Name Laurence Mecebius Phone 516 ?

Company Case 15-4139

Address 515 Woodside Ave

Dept./Floor/Suite/Room

City Park City State UT ZIP 84060

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name 10th Circuit Court Appeals Phone 303 844-3157

Company Byron White U.S. Courthouse

Address
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Dept./Floor/Suite/Room

Address 1823 Stout St
Use this line for the HOLD location address or for continuation of your shipping address.

City Denver State CO ZIP 80257

HOLD Weekday
FedEx location address REQUIRED. NOT available for FedEx First Overnight.

HOLD Saturday
FedEx location address REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

A 1 16:30 7379 11.18

RT 323 FZ

8032 5704 7379

**4 Express Package Service**

Packages up to 150 lbs.

NOTE: Service order has changed. Please select carefully.

Next Business Day

FedEx First Overnight
Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

FedEx Standard Overnight
Next business afternoon.* Saturday Delivery NOT available.

2 or 3 Business Days

FedEx 2Day A.M.
Second business morning.* Saturday Delivery NOT available.

FedEx 2Day
Second business afternoon.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☑ FedEx Express Saver
Third business day.* Saturday Delivery NOT available.

**5 Packaging** * Declared value limit $500.

☑ FedEx Envelope* | FedEx Pak* | FedEx Box | FedEx Tube | Other

**6 Special Handling and Delivery Signature Options**

SATURDAY Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

No Signature Required
Package may be left without obtaining a signature for delivery.

☑ Direct Signature
Someone at recipient's address may sign for delivery. Fee applies.

Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. Fee applies.

**Does this shipment contain dangerous goods?**
One box must be checked.

☑ No | Yes As per attached Shipper's Declaration. | Yes Shipper's Declaration not required. | Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg | Cargo Aircraft Only

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.

**7 Payment** Bill to:

Enter FedEx Acct. No. or Credit Card No. below.

Obtain recip. Acct. No.

☑ Sender Acct. No. in Section 1 will be billed. | Recipient | Third Party | Credit Card | Cash/Check

[redacted]

Total Packages | Total Weight ___ lbs. | Credit Card Auth.

644

†Our liability is limited to US$100 unless you declare a higher value. See the current FedEx Service Guide for details.

Rev. Date 1/12 • Part #167002 • ©2012 FedEx • PRINTED IN U.S.A. SRF

fedex.com 1.800.GoFedEx 1.800.463.3339

Insert shipping document here.


